IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEFAN WOODSON,

    Plaintiff,

    v.                                                Case No. 3:13CV134-REP

CITY OF RICHMOND, VIRGINIA, *et al.*

    Defendants.

**PLAINTIFF'S REPLY TO DEFENDANTS CORRECT CARE SOLUTIONS, LLC'S AND MOTSUMI MOJA, M.D.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

    Plaintiff, Stefan Woodson, by counsel, submits this Reply to Defendants Correct Care Solutions LLC's and Motsumi Moja, M.D.'s Memorandum in Opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint.  As no trial date is set, Plaintiff's amendment adding the Nurse Defendants will not cause any undue prejudice toward Correct Care Solutions, LLC, or Motsumi Moja, M.D. or any other Defendant named in this action.  Plaintiff's Motion for Leave to Amend should be granted.

**ARGUMENT**

**I.    As No Deadlines Are In Place Fed.R.Civ.P. 15(a) Should Govern.**

    Defendants' argument that the Scheduling Order is still technically in place and therefore the Court should apply the more rigorous standard of Rule 16(b) is unavailing.  Even if the Scheduling Order entered by this Court on June 18, 2013, is still technically in effect, the reality that no trial date is set and no deadlines are in place makes their argument untenable.[1]

---

[1] Plaintiff disagrees that any such technicality exists.  This Courts January 10, 2014 Order unambiguously instructs counsel "to confer and present the Court with a new trial schedule."

It is only for amendments sought "**after the deadlines** provided by a scheduling order have passed, [that] the good cause standard must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008)(emphasis added). Here, there are no deadlines in place pursuant to this Court granting Plaintiff's Motion to Continue and Enlarge all Deadlines on January 10, 2014. (Order, ECF No. 83). Whether, as Plaintiff contends, the prior Scheduling Order was rescinded on January 10, 2014 or, as Defendants contend, the Scheduling Order of June 18, 2013 is technically in place, is immaterial as **all** deadlines have been enlarged pursuant to this Court's Order. Therefore, it is Rule 15(a) that should govern Plaintiff's Motion for Leave to Amend.

## II.     Delay Alone Is Insufficient To Deny Leave To Amend.

Defendants cite Deasy v. Hill, 833 F.2d 38 (4th Cir. 1987), for the proposition that Plaintiff has an obligation to amend the complaint as soon as the necessity becomes apparent, and as instructive on the issue of undue delay. (Def's Opp'n 7, 18, ECF No. 93). Defendants are correct that it is instructive, but miss the instruction. "Delay alone, **without prejudice**, does not support the denial of a motion for leave to amend." Deasy, 833 F.2d at 41(emphasis added). Even if Plaintiff has caused some delay in this action, Plaintiff has not acted in bad faith or with any dilatory motive. The Defendants must also take some of the blame for the delay in bringing this amendment, regardless of whether their untimely disclosure of the nurse's log was caused by mere negligence.[2] In fact, this Court's reasoning for granting leave for Plaintiff to file a Second Amended Complaint based on similarly late discovered information demonstrates that delay alone is insufficient to support denial of Plaintiff's present Motion for Leave to Amend.

Most importantly, unlike the defendant in Deasy, Defendants in this matter will not be unduly prejudiced. "While Foman's enumeration of factors cannot be thought exclusive, they do

---

[2] Defendants have yet to give a sufficient explanation for the untimely disclosure of the nurse's log.

embody a principle which focuses on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). (Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.). There is no question that Defendants have been fully aware of the events giving rise to this action from the outset.[3] It has always been Plaintiff's contention that nurses and/or medical

---

[3] See e.g. Plaintiff's First Amended Complaint:

Defendants Medical Staff and Dr. Moja observed Mr. Woodson demonstrating symptoms of heat-related illness, yet took no steps to properly treat these symptoms or prevent future harm. ¶ 81

Upon information and belief, Defendant Correct Care and/or Dr. Moja failed to develop adequate, appropriate, and practical medical guidelines for use by the nurses and other medical personnel at the Jail, resulting in the inability or failure to provide Mr. Woodson constitutionally adequate diagnosis and treatment, and leading to the injuries suffered by Mr. Woodson as described herein. ¶ 86

Upon information and belief, to the extent Defendant Correct Care and/or Dr. Moja did develop medical guidelines for use by the nurses and other medical personnel at the Jail, there was insufficient training to ensure that the guidelines would be properly followed by these nurses and medical personnel. This failure to train resulted in the inability or failure to provide Mr. Woodson constitutionally adequate diagnosis and treatment, and led to the injuries suffered by Mr. Woodson as described herein. ¶ 87

Upon information and belief, Defendants Medical Staff failed to follow medical guidelines, if any, provided for use in treating patients at the Jail. This failure resulted in the inability or failure to provide Mr. Woodson constitutionally adequate diagnosis and treatment, and led to the injuries suffered by Mr. Woodson as described herein. ¶ 88

Upon information and belief, no additional temperature checks were taken by the nurse, Dr. Moja, the Medical Staff, or any other Correct Care employee between the July 5, 2012 exam and the time of Mr. Woodson's heat stroke. ¶ 100

Upon information and belief, absolutely no further care was given to Mr. Woodson to cure, palliate, mitigate, prevent, or otherwise treat his symptoms of heat-related illness. ¶ 101

Upon information and belief, Defendants Correct Care, Medical Staff and Dr. Moja were deliberately, recklessly and wantonly indifferent to Mr. Woodson's health and grossly negligent in the care (or lack thereof) provided to Mr. Woodson as demonstrated by:

> …Recklessly disregarding appropriate and customary guidelines for dealing with patients who present with heat-related symptoms, such as taking full vital signs (including blood oxygen levels), failing to provide appropriate treatment for fever, **allowing nurses to diagnose and practice outside the scope of their license (including relying on under qualified nurses or staff to diagnose (or fail to diagnose) heat-related illness),** recklessly disregarding the need for adequate access to a physician, failing to provide timely access to care, recklessly disregarding the orders of a physician to follow up on serious symptoms;

staff failed to properly monitor Plaintiff's condition subsequent to the July 5, 2012 visit with Dr. Moja. What Plaintiff's did not know until January 9, 2014 when the nursing log was produced was that the specific nurses identified in the log **in fact did not follow Dr. Moja's order or perform any further check on Plaintiff.** In fact, it was not until this log was produced that defense counsel conceded for all purposes that the nurses identified in the log did not follow Dr. Moja's July 5, 2012 order.[4]

As Plaintiff's Motion to Continue has been granted, there is no trial date set, and there are no deadlines in place, the Defendants cannot demonstrate prejudice. The case of Johnson v. Oroweat Foods Co., 785 F.2d 503 (4th Cir. 1986), closely resembles the procedural posture in this case. In Johnson, the plaintiff filed a motion for leave to amend in order to assert a novel legal theory against the defendant two weeks before trial. Id. 785 F.2d at 505-6. The district court denied the motion finding that it would be prejudicial to the defendant. Id. The plaintiff obtained a judgment against the defendant. Id. The defendant appealed on damages, and the plaintiff cross appealed on the ground that his amendment would not have been prejudicial to defendant. Id. The court granted defendant's appeal and remanded it for a new trial. Id, 785 F.2d at 510. The appellate court found that it would be moot to determine whether the district court erred in denying the amendment, as a new trial had been ordered. Id. The court instructed that plaintiff could simply move for leave to amend after the remand and that this amendment would not be prejudicial. Id.

> Since the case must be remanded for a new trial, we need not determine whether
> the district court erred in finding that a grant of leave to amend would have

---

recklessly disregarding public warnings regarding heat-related dangers; recklessly disregarding the likely danger to patients with chronic hypertension, including Mr. Woodson, during periods of extreme heat stress, deliberately, and recklessly ignoring Mr. Woodson during the Heat Wave – notwithstanding his symptoms of heat illness and history of chronic hypertension, failing to send Mr. Woodson for emergency care at an adequate and appropriate time. ¶ 154, ii

[4] This representation was made during the telephonic hearing on January 10, 2014.

> resulted in prejudice to Oroweat. **Circumstances will be quite different, with a new trial not so imminent**. **A prompt request repeating the application for leave to amend could hardly merit the description as prejudicial.** It is true that prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial.

Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) (emphasis added).

Similar to the circumstances in Johnson, this Court's Order granting Plaintiff's Motion to Continue has created a new, not so imminent trial date. As of this writing, no trial date or discovery deadlines have been set. Further, Plaintiff promptly moved for leave to amend upon the granting of the continuance and consistent with the explicit instructions of this Court expressed in the January 10, 2013 Order. With no trial date looming and no deadlines in place, Plaintiff's Motion for Leave to Amend "hardly merits the description as prejudicial." Id. Furthermore, Johnson is instructive on the standard for granting an amendment when the calendar has to be reset. Johnson instructs the Court to use the liberal standard under Rule 15(a).

The reasoning Defendants cite in Burns, that the granting of a continuance could be prejudicial to a party, is misplaced in this situation. (Defs' Opp'n 22, ECF No. 93) (citing Burns V. AAF-McQuay Inc. 980 F. Supp 175 (W.D.Va 1997) aff'd 166 F.3d 292 (4th Cir. 1999). Here, unlike Burns, the continuance has already been granted and discovery reopened. Defendants now claim that they should be exempted from this process; they argue that the burden of discovery pertaining to new facts and legal theories is prejudicial. Johnson instructs however, that this type of prejudice essentially applies to amendments sought shortly before or during trial. Johnson, 785 F.2d at 510. Again, with no trial date looming there can be no prejudice of this kind.

Despite Defendants assertions that these new claims will revolutionize the litigation, Plaintiff has always alleged facts sufficient to support these claims. (Supra fn. 3). Defendants spill much ink stating this fact. (Defs' Opp'n 7-21, ECF No. 93) Until the untimely disclosure of the logs, however, what the Plaintiff lacked was proof and would have had to name even more nurses. The nurses' log allowed Plaintiff to narrow down the number from the much larger number of nurses listed in the jail activity log to the twenty-five named in the amendment. Defendants rely on the disclosure by Defendant Woody of the jail activity logs to argue that Plaintiff does have this knowledge, and, in fact, had it at all times. Despite the fact that the Defendants "have diligently strived to achieve every deadline set by this Court," they did not produce the nurses' log until after discovery closed, and have yet to produce the time and attendance log.[5]

### III. The Claims Against the Nurse Defendants Arise out of the Same Transaction or Occurrence, and Share a Common Question of Law and Fact with the Existing Claims and Defendants.

In a footnote in their Memorandum, Defendants state that the burdensome thirty-page limit leaves them no space to argue the fact that Plaintiff has failed to meet the standard for joinder under Rule 20 of the Federal Rules of Civil Procedure. (Defs' Opp'n 5-6 fn. 4 ECF No. 93). Notwithstanding, Defendants nonetheless argue that the Plaintiff has failed to meet this standard without stating what the standard is. Rule 20 states in pertinent part,

---

[5] While Plaintiff did not request the time and attendance log by name, they should be included in their disclosures.

Interrogatory No. 14: Please identify each individual within your direction or control who was responsible for the observation and/or care and/or response to and/or attention to Mr. Woodson during the month of June 2012 and July 2012.

RFP No. 2: All medical references about Mr. Woodson (not produced from the above listed request) including but not limited to sick call requests, medical information kept in custody logs, **any relevant logs (whether titled medical, custody, or other),** and intake medical screenings.

RFP No. 4 Training curricula, schedules, materials, policies, and/or requirement related to nursing protocols.

6

> (2) Defendants. Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20

There is no question that Plaintiff's right to relief arises out of the same transaction or occurrence, or series of transactions or occurrences, and there will arise in this action a question of law or fact common to all Defendants. "Plaintiff is entitled to join in one action all persons against whom he asserts a right to relief jointly, severally, or in the alternative." Metrakos v. New York Cent. R. Co., 12 F.R.D. 177, 178 (N.D. Ohio 1951). The transaction rule is extremely broad and presents no obstacle for the joinder of the proposed nurses in this matter; therefore, there is no question that these claims are reasonably related. "The transaction or occurrence test' of the rule ... permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." Tippens v. Ctr. for Therapeutic Justice, 3:11CV71, 2011 WL 7473472 (E.D.Va. Dec. 28, 2011) report and recommendation adopted, 3:11CV71-HEH, 2012 WL 777507 (E.D.Va. Mar. 8, 2012) (citing Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir.1983) (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir.1974)(internal quotation marks omitted).

Furthermore, the Supreme Court strongly encourages joinder in all forms. "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). The Fourth Circuit has held that "Rule 20 grants courts wide discretion concerning the permissive joinder of parties." Aleman v.

7

Chugach Support Servs. Inc., 485 F.3d 206, 218 n. 5 (4th Cir.2007). Defendants have no good faith basis to claim that joinder in this instance does not meet the standard under Rule 20.

Even if joinder was remotely improper under Rule 20 in this case, which it is not, Plaintiff could assert his cause of action separately and seek consolidation under Rule 42. "Normally, where joinder is improper, separate actions can be initiated and later consideration will be given to the possibility of consolidation under Fed.R.Civ.P. 42(a)." Magnavox Co. v. APF Electronics, Inc., 496 F. Supp. 29, 34 (N.D. Ill. 1980). Accordingly, Defendants' discussion of joinder is unnecessary and ineffective in aiding the Court in ruling on Plaintiff's Motion for Leave to Amend.

## CONCLUSION

WHEREFORE since Defendants can hardly claim prejudice as no trial date is even set, Rule 15(a) should apply, and Plaintiff should be liberally granted leave to amend.

**Respectfully submitted,**

**STEFAN WOODSON**

_____/s/_____
Seth R. Carroll

| | |
|---|---|
| Seth R. Carroll (VSB No. 74745) | Benjamin M. Andrews (VSB No. 77824) |
| Elyse H. Stiner (VSB No. 84501) | Halperin Law Center, LLC |
| Commonwealth Law Group | 4870 Sadler Road, Suite 300 |
| 1506 Staples Mill Road | Overlook II |
| Richmond, Virginia 23230 | Glen Allen, VA 23060 |
| 804.387.8086 | 804.556.4898 |
| 866.238.6415 | 866.335.1502 fax |
| scarroll@hurtinva.com | benjamin@halperinlegal.com |
| estiner@hurtinva.com | |

**C E R T I F I C A T E**

      I hereby certify that on the 27th day of January 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will then send a notification of such filing to the following:

| | |
|---|---|
| Edward J. McNelis, III, Esq.<br>Isaac A. McBeth, Esq.<br>Rawls, McNelis & Mitchell, P.C.<br>211 Rocketts Way, Suite 100<br>Richmond, VA 23231<br>Phone: (804) 344-0038<br>Fax: (804) 782-0133<br>emcnelis@rawlsmcnelis.com<br>imcbeth@rawlsmcnelis.com<br>*Attorneys for Motsumi Moja, M.D. and Correct Care Solutions, LLC* | Jeff W. Rosen, Esq.<br>Jeffrey A. Hunn, Esq.<br>Pender & Coward<br>222 Central Park Avenue<br>Virginia Beach, VA 23462<br>(757) 490-3000/(757) 502-7351<br>jrosen@pendercoward.com<br>*Attorneys for C.T. Woody, Jr., Sheriff* |
| David P. Corrigan, Esq.<br>Jeremy D. Capps, Esq.<br>Maurice S. Fisher, Jr., Esq.<br>Harman, Claytor, Corrigan & Wellman<br>P. O. Box 70280<br>Richmond, Virginia 23255<br>Phone: (804) 747-5200<br>dcorrigan@hccw.com<br>jcapps@hccw.com<br>sfisher@hccw.com | Kyle R. Elliott, Esq.<br>Office of the Richmond City Attorney<br>Richmond, Virginia 23219<br>Phone: (804) 646-7946<br>Fax: (804) 646-7939<br>Kyle.elliott@richmondgov.com<br>*Attorneys for City of Richmond* |