

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEFAN WOODSON,

    Plaintiff,

v.                                  Civil Action No. 3:13cv134

CITY OF RICHMOND,
VIRGINIA, et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the court on DEFENDANT ROBERT CUSHIONBERRY'S MOTION TO DISMISS (Docket No. 284). For the reasons set forth below, the motion will be denied.

## BACKGROUND

Woodson filed a Complaint against the City of Richmond and several other defendants, alleging several violations of his constitutional rights under the Eighth Amendment[1] and 42 U.S.C. §1983[2]. Docket No. 1. Later, with leave of Court, Woodson filed

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

[2] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

a Fourth Amended Complaint, adding Cushionberry as a defendant. Docket No. 187. Woodson again asserted claims under §1983 and the Eighth Amendment, alleging that Cushionberry violated his Constitutional rights while Woodson was imprisoned in the Richmond City Jail and Cushionberry was employed as a medical technician at the same facility. Id.

On July 21, 2014, Cushionberry filed his Answer to the Fourth Amended Complaint. Docket No. 230. Seventeen days later, on August 2, 2014, Cushionberry died. Docket No. 418 at 1. The lawyers who had represented Cushionberry while he was alive filed a Suggestion of Death Upon the Record under Fed. R. Civ. P. 25(a)(1) on August 11, 2014. Docket No. 242. On November 17, 2014, the same lawyers filed the instant Motion to Dismiss, arguing that Woodson had failed to comply with procedural rules allowing for substitution of parties and thus that Cushionberry was entitled to a complete dismissal of the claims against him. Docket No. 284.

**DISCUSSION**

Fed. R. Civ. P. 25(a)(1) states:

> "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after

shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..."

2

> service of a statement noting the death, the action by or against the decedent must be dismissed."

(emphasis added). [3]

The parties disagree as to, among other things, whether a deceased party's lawyer is permitted to file a statement noting that party's death under Rule 25(a)(1). Cushionberry argues that his lawyers were permitted to file such a statement and thus that the statement commenced the running of the now-expired 90-day time period, and that dismissal is therefore required. Woodson, however, argues that Rule 25(a)(1) limits the individuals who can file a statement noting a death of a party to other parties and the representatives or successors of the deceased party. According to Woodson, Cushionberry's attorneys would not qualify as a "representative" under the Rule. If Woodson is correct, the statement that noted Cushionberry's death was invalid and therefore it did not start the 90-day clock, and, accordingly, Woodson's pending Motion to Substitute

---

[3] Rule 25(a)(1) allows that a motion for substitution is to be filed within 90 days of the service of the statement noticing a party's death. In this case, the Suggestion of Death was filed on August 11, 2014. Thus, the 90 day period expired on November 9, 2014. Cushionberry notes that November 9 was a Sunday and the following Tuesday was a federal holiday. Thus, pursuant to both Rule 6(a)(1)(C) and Rule 6(d), the deadline to file a Motion to Substitute Parties "was...extended to November 13, 2014." Docket No. 285 at 2. No motion had been filed as of that date.

3

Parties (Docket No. 402) is timely which would necessitate denial of Cushionberry's Motion to Dismiss.

Woodson is correct. Under Rule 25(a)(1), a deceased party's lawyers are not permitted to file a statement noting the party's death because the lawyers do not qualify as either a party or a representative or successor of the deceased party. The text of Rule 25(a)(1) does not limit who may file a statement noting the death of a party. However, decisions that have interpreted the rule, suggested form language in the Federal Rules of Civil Procedure, and the Advisory Committee notes all teach that those who may file such a statement are limited to parties and "the decedent's successor or representative." Moreover, courts have determined that a decedent's lawyer is not a "representative" as contemplated by Rule 25(a)(1).

Decisional law both within the Fourth Circuit and around the country have held both that the identity of those who can file the notice is limited, and also that the decedent's lawyer does not fall into either category of those who are empowered to file a notice of death. The informing case law in the Fourth Circuit is Fariss v. Lynchburg Foundry, 769 F.2d 958 (4th Cir. 1985), in which the Court of Appeals spoke about the role that a deceased party's attorney should play under Rule 25(a)(1). In Fariss, the plaintiff in an age discrimination case died during

4

the pendency of the action and his wife was appointed administratrix of his estate. Id. at 961. After the appointment, the defendant filed a notice of death and served a copy on the deceased plaintiff's lawyer but not on the deceased plaintiff's wife, who was his legal successor. Id. The question before the Court of Appeals was whether service on the lawyer alone, and not on the plaintiff's wife, was sufficient to start the 90-day time clock under Rule 25(a)(1). The Court of Appeals also considered whether a lawyer in a case could act for the client after the client's death. Id. at 962. In so doing, the Fourth Circuit noted that "[t]he attorney's agency to act ceases with the death of his client...and he has no power to continue or terminate an action on his own initiative." Id. (citing Restatement (Second) of Agency §120(1) (1958)). The Court of Appeals went on to say that "[b]ecause the attorney is neither a party, nor a legal successor or representative of the estate, he has no authority to move for substitution under Rule 25(a)(1)." Id.

Although the Fariss case does not explicitly hold that a deceased party's lawyer does not have the power to file a statement noting death under Rule 25(a)(1), it does establish that a deceased party's lawyer is not "a legal successor or representative of the estate." Id. Thus, under Fourth Circuit precedent, a deceased party's lawyer does not qualify as a

"decedent's successor or representative" for the purposes of filing either a notice of death or a motion for substitution of the parties under Rule 25(a)(1). Thus, any notice of death filed by a decedent's lawyer is of no effect under Rule 25(a)(1) and does not trigger the 90-day time period established by Rule 25(a)(1).

The decision in Fariss is in line with the decisions of other federal courts that have considered the issue. For example, in Fehrenbacher v. Quackenbush, 759 F. Supp. 1516 (D. Kan. 1991), the district court held that a suggestion of death filed by a decedent's lawyer was invalid because the lawyer "for the deceased party may not make the suggestion of death since he is not himself a party to the action and, since his authority terminated on the death, he is not a 'representative of the deceased party' of the sort contemplated by the rule." Id. at 1518 (quoting 7C C. Wright & A. Miller & M. Kane, Federal Practice and Procedure, Civil, §1955, at 545 (2d ed. 1986)). Similarly, in International Cablevision, Inc. v. Sykes, 172 F.R.D. 63 (W.D.N.Y. 1997), the district court held that a letter sent by the decedent's lawyer to the court and opposing counsel was an invalid notice of death under Rule 25(a)(1) because "the letter in question came from the deceased defendant's attorney [and was thus]...ineffective under case precedent." Id. at 66. (citing Al-Jundi v. Estate of Rockefeller, 757 F. Supp. 206, 210

6

(W.D.N.Y. 1990); Smith v. Planas, 151 F.R.D. 547, 549-50 (S.D.N.Y. 1993)). Finally, in Kessler v. Southeast Permanente Medical Group of North Carolina, P.A., 165 F.R.D. 54 (E.D.N.C. 1995), the district court held that "the personal representative of a decedent's estate or another party to the action must make the suggestion of death upon the record and a decedent's attorney or other non-party does not have that authority." Id. at 56.

That view is also supported by the leading treatises on the topic. The Wright & Miller treatise on Federal Practice and Procedure states that "[i]t has been held that the attorney for the deceased party may not make the statement noting death since the attorney is not a party to the action and, since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the decedent of the sort contemplated in the rule." 7C C. Wright & A. Miller & M. Kane & R. Marcus & A. Steinman, Federal Practices and Procedures, Civil §1955 (3d ed.). In addition, Moore's Federal Practice states that "[t]he courts read [Rule 25(a)(1)] as allowing service of the statement noting the death by any of the same persons who may move for substitution." 6 J. Moore, Federal Practice, §25.13[2][a] (3d ed. 2014). Moore's further informs that "several courts have ruled that an attorney acting on behalf of the decedent has no authority to file a statement

7

noting the death of a party, so that. . . such an attorney-served statement does not start the 90-day time period. The sound reasoning behind these decisions is that the attorney is not a party to the action, and his or her authority to represent the decedent terminates on death." Id.

The Federal Rules of Civil Procedure provide sample forms that that "suffice under [the] rules." Fed. R. Civ. P. 84. Form 9 illustrates the language that the drafters anticipated in conjunction with a statement noting a party's death under Rule 25(a)(1). It reads:

> **Statement Noting a Party's Death**: In accordance with Rule 25(a) <u>name the person</u>, who is [a party to this action][a representative of or a successor to the deceased party] notes the death during the pendency of this action of <u>name</u>, [<u>describe as party</u> in this action.]

(emphasis in original). When read in conjunction with Rule 25(a)(1), Form 9 illustrates that the drafters intended a notice of death to be filed by either "a party to [the] action" or "a representative of or successor to the deceased party", and not by any individual who wished to file such a notice.

The Advisory Committee Notes to the 1963 Amendment of Rule 25(a)(1) confirm that the drafters of the rule intended to limit those who were entitled to file a statement noting a death of a party. In Advisory Committee Notes accompanying the 1963 amendment to Rule 25, the committee states that "[a] motion to

8

substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made. <u>If a party or the representative of the deceased party desires to limit the time within which another may make the motion, he may do so by suggesting the death upon the record.</u>" (emphasis added). The 1963 amendment changed Rule 25(a)(1) to establish a "time limit for the motion to substitute based . . . upon the time information of the death is provided by means of a suggestion of death upon the record." The rule as it stood in 1963 is substantially the same as it is today with respect with Rule 25(a)(1) and the notice of death. This language, when read together with the text of Rule 25(a)(1) and Form 9, again illustrates that the drafters had intended to allow only parties and the "successors or representatives" of the deceased to file a statement noting a death.

In support of his motion to dismiss, Cushionberry relies principally on <u>Unicorn Tales, Inc. v. Banerjee</u>, 138 F.3d 467 (2d Cir. 1988). In <u>Unicorn Tales</u>, the Second Circuit held that a notice of death filed by a dead defendant's wife was sufficient to start the 90-day clock under Rule 25(a)(1). <u>Id.</u> at 469-70. In so holding, the court stated that "the text of Rule 25(a)(1) contains no...restriction on who may file the statement [noticing death]. Moreover, such a restriction is inconsistent

9

with the purpose in amending the rule to its present form...There is simply nothing in the rule or the advisory committee notes to suggest that Congress intended Rule 25(a)(1) to be so inflexible." Id. Cushionberry cites this language as evidence that Rule 25(a)(1) does not prevent a deceased party's lawyers from filing a notice of death on the client's behalf. At least one case has followed Cushionberry's reasoning. See Jones Inlet Marina, Inc. v. Inglima, 204 F.R.D. 238 (E.D.N.Y. 2001) (citing Unicorn Tales and holding that a statement of death "does not need to be filed by the formal or appointed representative of the estate").

For the reasons outlined above, the rationale of Unicorn Tales is not persuasive. In any event, Unicorn Tales "does not conflict with" the decisions on which Woodson relies. Moore at §25.14[2][b]. "Although the language in [Unicorn Tales] seems to indicate that a statement noting the death of a party could be served by anyone...[the case] did not explicitly overrule any of the district court decisions in the Second Circuit holding that a statement noting the death . . . may not be served by an attorney acting on behalf of the deceased party." Id. Further, "the court in [Unicorn Tales] was not faced with the situation in which an attorney had served a statement noting the death without authority...[but] merely held that the decedent's wife, although not formally a representative of her husband, could

10

[serve] a statement nothing the death of her husband." Id. Thus, while Unicorn Tales appears to speak to whether a lawyer is authorized to file a notice of death under Rule 25(a)(1), in reality, it has little to say on the issue.

## CONCLUSION

For the reasons set forth above, DEFENDANT ROBERT CUSHIONBERY'S MOTION TO DISMISS (Docket No. 284) will be denied.[4]

It is so ORDERED.

/s/  R E P
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 31, 2014

---

[4] As the Motion to Dismiss has been resolved on the merits, Woodson's MOTION TO STRIKE MOTION TO DISMISS (Docket No. 411) and MOTION TO STRIKE REBUTTAL BRIEF AS UNTIMELY (Docket No 419) are hereby denied as moot.

11